JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Jason R. Vener, SBN: 267941
    Email: jvener@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BARGAIN SOFTWARE SHOP, LLC, a Texas Limited Liability Company, and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114 / *Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN / FALSE OR MISLEADING ADVERTISING / UNFAIR COMPETITION [15 U.S.C. § 1125(a) / *Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)];**<br>**(4) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. § 501(a)]; and**<br>**(5) UNLAWFUL / UNFAIR / FRAUDULENT BUSINESS PRACTICES [California *Business & Professions Code* § 17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMPLAINT FOR DAMAGES**

COMES NOW, PLAINTIFF ADOBE SYSTEMS INCORPORATED (hereinafter "Plaintiff") hereby files its Complaint for Damages against Defendant BARGAIN SOFTWARE SHOP, LLC, and DOES 1-10, inclusive (collectively "Defendants").

## PARTIES

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.

2. Plaintiff is informed and believes that Defendant BARGAIN SOFTWARE SHOP, LLC, is now, and was at the time of the filing of this Complaint and at all intervening times, a limited liability company duly organized and existing under the laws of the State of Texas, having its principal place of business in Round Rock, Texas.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

4. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant BARGAIN SOFTWARE SHOP, LLC, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION

5. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin / false or misleading advertising / unfair competition and dilution under the *Lanham Act* (15 *U.S.C.* § 1051 *et seq.*), and copyright infringement under 17 U.S.C. § 501(a).

///

**COMPLAINT FOR DAMAGES**

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1338 (a)(b).

7. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

8. This Court has personal jurisdiction over Defendant since Defendant has committed acts of infringement and unfair competition in this district and Defendant has sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendant has advertised, offered to sell and sold unauthorized and counterfeit software products that infringe the trademarks and copyrights of Plaintiff within the State of California. Defendant has also offered to sell and actually sold counterfeit products (described more fully below) using an interactive Internet website knowing or having reason to know that consumers throughout the United States, including within the State of California. Consumers in California have purchase counterfeit and/or unauthorized goods from Defendant, believing that they were genuine, authorized goods manufactured and distributed by Plaintiff or its authorized manufacturers.

9. Personal jurisdiction exists over Defendant because on information and belief, Defendant conducts business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

10. Additionally, supplemental jurisdiction exists over Defendant because, on information and belief, Defendant conducts business in California and in this judicial district, and have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

**INTRADISTRICT ASSIGNMENT**

11. Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Civil L.R.") and the Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district wide-basis.

12. Assignment to the San Jose Division would nonetheless be appropriate pursuant to Civil L.R. 3-2(e) because a substantial part of the events that give rise to Plaintiff's claims against Defendants occurred in Santa Clara County, California, where Plaintiff's principal place of business is located

**GENERAL ALLEGATIONS**

**Plaintiff and its Famous ADOBE® Software Products**

13. Plaintiff is a global leader in developing and distributing innovative computer software. Its products and services offer developers and enterprises tools for creating, managing, delivering and engaging with compelling content across multiple operating systems, devices and media. The software industry is competitive, and Plaintiff undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers. Software piracy undermines Plaintiff's investment and creativity, and misleads and confuses consumers.

14. The success of Plaintiff's ADOBE® and ACROBAT® products and services is due in part to Plaintiff's marketing and promotional efforts. These efforts include advertising and promotion through Plaintiff's websites, print and other internet-based advertising, among other efforts. Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its ADOBE® and ACROBAT® products, services and marks.

15. The success of the ADOBE® ACROBAT® software and other products and services related thereto is not due to Plaintiff's promotional efforts alone. Rather, the popularity of ADOBE® is also due in part to consumers, and the word of mouth buzz consumers have generated.

16. As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, the ADOBE® and ACROBAT® marks and the ADOBE® ACROBAT® software, products, and services have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with the Plaintiff's software and other products and services, and have come to recognize the ADOBE® and ACROBAT® marks, products and services and associate them exclusively with Plaintiff – Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the ADOBE® and ACROBAT® marks are famous in the United States.

17. While Plaintiff has gained significant common law trademark and other rights in its ADOBE® and ACROBAT® products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

18. Plaintiff has secured registrations for its ADOBE® and ACROBAT® trademarks with the United States Patent and Trademark Office. A non-exhaustive list of Plaintiff's trademark registrations is attached hereto as **Exhibit A**.

19. Similarly, Plaintiff's ADOBE® software is copyrightable subject matter, and Plaintiff has secured registrations for its copyrightable ADOBE® ACROBRAT® software, among others, with the United States Copyright Office. A non-exhaustive list of Plaintiff's copyright registrations is attached hereto as **Exhibit B**.

20. Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities who wish to take a free ride on both the goodwill, reputation and fame Plaintiff has spent considerable effort to build up in its products and marks, and the works embodied in Plaintiff's software products.

21. A large number of individuals and entities deal in unauthorized, pirated and counterfeit ADOBE®-branded software products and other products and services, including the famous ACROBAT® products. Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing counterfeit and otherwise

unauthorized products.

22. Plaintiff investigates and enforces against such activity, and through such efforts learned of Defendant, and Defendant's actions, advertising, sales and infringing conduct. Defendant owns and operates the interactive Internet website www.bargainsoftwareshop.com ("bargainsoftwareshop.com"), offering for sale various software products, including altered, unauthorized and/or counterfeit ADOBE®-branded software products.

**Defendant's Sale of Counterfeit/Unauthorized ADOBE® ACROBAT® Original Equipment Manufacturer ("OEM") Software Products & Unauthorized Sale of ADOBE® ACROBAT® Electronic Software Downloads ("ESD") without a License**

23. Defendant is not an authorized distributor or reseller of electronic software downloads ("ESD") of Plaintiff's software products.

24. On or about February 14, 2013, Plaintiff's investigator purchased from Defendant's website www.bargainsoftwareshop.com, from California, a purported Adobe Acrobat XI Pro PC for a cost of $249.00. Attached hereto as **Exhibit C** is a true and correct copy of the online order confirmation for this sale transaction identified as Order #4651 and Defendant's email confirmation to Plaintiff's investigator of shipment of the purchased Adobe Acrobat XI Pro PC. Attached hereto as **Exhibit D** is a true and correct copy of the PayPal payment receipt for this sale transaction for $249.00 identifying the business name as "Bargain Software Shop," email and customer service email address "bargainsoftwareshop@gmail.com," and website customer service URL "http://www.bargainsoftwareshop.com."

25. Upon receipt of the purchased Adobe Acrobat XI Pro PC, Plaintiff confirmed that the purchased item as an unauthorized hard-disc Adobe Acrobat XI Pro PC because the item is only to be sold for educational purposes and the OEM serial number for the item is only to be sold to qualified educators and students in the Singapore region. Attached hereto as **Exhibit E** is a true and correct copy of the shipping label for the purchased item with a return address identifying the seller as BargainSoftwareShop.com, 100 E. Whitestone Blvd., #148-329 Cedar Park, Texas 78613.

/ / /

26. On or about August 28, 2013, Plaintiff's investigator purchased from Defendant's website, www.bargainsoftwareshop.com, purported ESDs of: (1) Adobe Acrobat XI Pro PC Download for a cost of $249.00; (2) Adobe Design and Web Premium CS6 PC Download for a cost of $689.00; and (3) Adobe Design Premium CS5.5 Windows Download for a cost of $665.00, total purchase price of $1,603.00. Attached hereto as **Exhibit F** is a true and correct copy of the online order receipt for this sales transaction identified as Order #12130. Attached hereto as **Exhibit G** is a true and correct copy of the PayPal payment receipt for this sales transaction for $1,603.00 identifying the business name as "Bargain Software Shop," email and customer service email address "bargainsoftwareshop@gmail.com," and website customer service URL "http://www.bargainsoftwareshop.com."

27. Defendant provided to Plaintiff's investigator via email installation instructions and license keys to activate the purchased ESDs. Plaintiff confirmed that the license keys provided by Defendant for all the ESDs were unauthorized because the software sold are for educational purposes only and were only to be sold to qualified educators and students in the Singapore region.

28. By these sales and on information and belief, Defendant has advertised, marketed, offered to sale, sell and distributed numerous counterfeit and unauthorized software that infringe on Plaintiff's trademarks and copyrights. Defendant's other numerous dealings in counterfeit and unauthorized product (including importing, advertising, displaying, distributing, selling and/or offering to sell counterfeit and unauthorized product) violates Plaintiff's exclusive rights in its copyrighted material, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's trademarks to confuse consumers and aid in the promotion and sales of its unauthorized product. Defendant's conduct and use began long after Plaintiff's adoption and use of its ADOBE® and ACROBAT® trademarks, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiffs marks became famous. Indeed, Defendant had knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion and dilute Plaintiff's marks.

29. Defendant's actions were committed in bad faith and with the intent to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendant, and/or Defendant's counterfeit and unauthorized goods. By its wrongful conduct, Defendant has traded upon and diminished Plaintiff's goodwill.

30. In committing these acts, Defendant has, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff: (i) infringed and diluted Plaintiff's rights in the ADOBE® and ACROBAT® marks; (ii) infringed Plaintiff's copyrights; (iii) applied counterfeit marks; (iv) misled the public into believing there is an association or connection between Defendant and Plaintiff and/or the products advertised and sold by Defendant and Plaintiff; (v) used false designations of origin on or in connection with its goods and services; (vi) committed unfair competition; (vii) and unfairly profited from such activity. Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiffs.

**FIRST CAUSE OF ACTION**

**(Infringement of Registered Trademarks Against Defendant BARGAIN SOFTWARE SHOP, LLC, and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

31. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-30.

32. Plaintiff has continuously used its ADOBE® and ACROBAT® marks in interstate commerce since at least as early as 1993.

33. Plaintiff, as the owner of all right, title and interest in and to the ADOBE® and ACROBAT® marks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. § 1114.

34. Defendant is and at the time of its actions complained of herein was actually aware that Plaintiff is the registered trademark holder of the ADOBE® and ACROBAT® marks (*see* non-exhaustive list of Plaintiff's trademark registrations attached hereto as **Exhibit A**).

/ / /

**COMPLAINT FOR DAMAGES**

35. Defendant did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell ADOBE® ACROBAT® Professional software products bearing Plaintiff's ADOBE® and ACROBAT® marks into the stream of commerce.

36. Defendant intentionally and knowingly used in commerce without authorization the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing unauthorized and/or counterfeit ADOBE® ACROBAT® Standard software bearing the ADOBE® and ACROBAT® marks.

37. Defendant, without authorization, reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered ACROBAT® and ADOBE® marks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendant, without authorization, thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit ACROBAT® software bearing the ACROBAT® and ADOBE® and marks.

38. Defendant's egregious and intentional use and sale of unauthorized, fake, pirated and/or counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendant's items are authorized and/or authentic products by Plaintiff.

39. Defendant's unauthorized acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

40. Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the ADOBE® and ACROBAT® marks and the goodwill associated therewith, for which it has no adequate remedy at law; thus, Plaintiff requests injunctive relief.

41. Defendant's continued and knowing use of Plaintiff's marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* § 1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin / False or Misleading Advertising / Unfair Competition Against Defendant BARGAIN SOFTWARE SHOP, LLC, and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

42. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-41.

43. Plaintiff, as the owner of all common law right, title, and interest in and to the ADOBE® and ACROBAT® marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* section 43(a) (15 U.S.C. § 1125). Plaintiff's ADOBE and ACROBAT marks are inherently distinctive and/or have acquired distinctiveness.

44. Defendant has, without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the ADOBE® and ACROBAT® marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of Defendant's goods or services or commercial activities.

45. Defendant's conduct described above violates the *Lanham Act*, and Defendant has unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's mark.

/ / /

46. On information and belief, the conduct of Defendant has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

47. Defendant knew or, by the exercise of reasonable care, should have known that its adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's marks would cause confusion, mistake, or deception among purchasers, users and the public.

48. Defendant's egregious and intentional use and sale of unauthorized, fake, pirated and/or counterfeit items bearing Plaintiff's trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine ADOBE® ACROBAT® software.

49. Defendant's continuing and knowing use of Plaintiff's marks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

50. Defendant's wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendant's wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its ACROBAT® product in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial.  Plaintiff seeks an accounting of Defendant's profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

51. Based on Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Act*, including Defendant's profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

/ / /

/ / /

## THIRD CAUSE OF ACTION

**(Dilution Against Defendant BARGAIN SOFTWARE SHOP, LLC, and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

52. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-51.

53. Plaintiff's ADOBE® and ACROBAT® marks are distinctive and famous within the meaning of the *Lanham Act*.

54. Upon information and belief, Defendant's unlawful actions began long after Plaintiff's marks became famous, and Defendant acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's marks. Defendant's conduct is willful, wanton and egregious.

55. Defendant's intentional sale of unauthorized, fake, pirated and/or counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the products are authorized and/or authentic ACROBAT® software. The actions of Defendant complained of herein have diluted and will continue to dilute Plaintiff's marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

56. Defendant's acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless they are enjoined by this Court.

57. As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendant's' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

///

///

## FOURTH CAUSE OF ACTION

### (Federal Copyright Infringement Against Defendant BARGAIN SOFTWARE SHOP, LLC, and DOES 1-10, Inclusive)

**[17 U.S.C. § 501(a)]**

58. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-57.

59. Plaintiff is the exclusive owner of copyrights in and related to its ADOBE® ACROBAT® software products and possesses copyright registrations with the United States Copyright Office relating to the same.

60. Defendant did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

61. Without permission, Defendant intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, distributing ADOBE® ACROBAT® software which are at a minimum substantially similar to Plaintiff's copyright protected works (*see* non-exhaustive list of Plaintiff's copyright registrations attached hereto as **Exhibit B**).

62. Defendant's acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

63. Defendant's knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief, damages, Defendant's profits, increased damages, and reasonable attorney's fees and costs.

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendant BARGAIN SOFTWARE SHOP, LLC, and DOES 1-10, Inclusive)**

**[California *Business & Professions Code* §17200 *et seq*.]**

64. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-63.

65. By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit ACROBAT product, Defendant has engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California *Business and Professions Code* § 17200 *et seq*.

66. Defendant's marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit ACROBAT product is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. Defendant's conduct was intended to cause such loss, damage and injury.

67. Defendant knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

68. By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendant intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff's in its marks.

69. Upon information and belief, the conduct of Defendant has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

/ / /

1          70.     Defendant's wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendant's wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendant's profits stemming from its infringing activity, and its actual and/or compensatory damages.

          71.     Plaintiff has no adequate remedy at law for Defendant's continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

          72.     Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendant's possession and control which rightfully belong to Plaintiff.

          WHEREFORE, Plaintiff ADOBE SYSTEMS INCORPORATED prays for judgment against Defendant BARGAIN SOFTWARE SHOP, LLC, and DOES 1-10, inclusive, and each of them, as follows:

    A. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

    B. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. § 501(a);

    C. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

    D. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

    E. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademark pursuant to the *Lanham Act*, for statutory

damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

F. In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), for statutory damages pursuant to 17 U.S.C. § 504(c), which election Plaintiff will make prior to the rendering of final judgment;

G. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* § 17200;

H. For consequential and compensatory damages;

I. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

J. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

K. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

L. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118 and 17 U.S.C. § 503;

M. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

N. For damages in an amount to be proven at trial for unjust enrichment;

1     O. For Plaintiff's reasonable attorney's fees;

2     P. For all costs of suit; and

3     Q. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Adobe Systems Incorporated respectfully demands a trial by jury in this action.

DATED: August 15, 2014            JOHNSON & PHAM, LLP

By:   /s/ Christopher Q. Pham
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

17
**COMPLAINT FOR DAMAGES**