UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>BARGAIN SOFTWARE SHOP, LLC,<br><br>    Defendant.<br>_____/ | No. C-14-3721 EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>**(Docket No. 20)** |

## I. INTRODUCTION

On November 13, 2014, this Court heard argument on Defendant Bargain Software Shop LLC's ("Bargain Software") motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer this action to the Western District of Texas. Bargain Software's motion to transfer was predicated on both 28 U.S.C. § 1404 as well as the first to file rule, in light of Bargain Software's currently pending case against Plaintiff Adobe Systems, Inc. in the Western District of Texas. *See Bargain Software Shop, LLC v. Adobe Systems, Inc.*, No. 1:14-cv-0480-LY (W.D. Tex.). At the hearing, the Court ruled that it had personal jurisdiction over Bargain Software, but deferred ruling on the motion to transfer. Specifically, in light of the unique circumstances of this case, the Court requested that the parties file short letter briefs on the question of whether this Court or the Western District of Texas should decide whether the first to file rule applied. Having considered the parties briefing, the Court **DENIES** Bargain Software's motion to transfer.

## II. DISCUSSION

Traditionally, where two separate cases encompassing the same dispute are between different courts, the court with jurisdiction over the earlier filed action will decide (1) whether to apply the first-to-file rule and (2) whether the convenience of the parties warrant transfer under § 1404. *See, e.g.*, *StemCells, Inc. v. Neuralstem, Inc.*, No. C08-2364 CW, 2008 WL 2622831, at *4 (N.D. Cal. July 1, 2008) ("[T]he court in the first-filed action should decide whether there is an exception to the first-to-file rule."); *see also Hilton v. Apple Inc.*, No. C13-2167 EMC, 2013 WL 5487317, at *10 (N.D. Cal. Oct. 1, 2013) ("[T]o the extent that Plaintiff argues that the balance of convenience factors weigh in favor of this case being litigated in this district, the case law makes clear that such arguments are properly reserved for the forum where the first-filed action is pending."). Determining whether this Court or the Western District of Texas has the earlier filed action depends on the priority-effect of the previously dismissed case *Adobe v. Colorado Internet Services, LLC* action.

In arguing that the Western District of Texas is the earlier filed action and should decide this issue, Bargain Software cites two Northern District of California cases declining to afford first-to-file status to a case that had been previously dismissed and were no longer pending. *See Wallerstein v. Dole Fresh Vegetables, Inc.*, 937 F. Supp. 2d 1289, 1293-94 (N.D. Cal. 2013) ("Actions that were previously filed and voluntarily dismissed are no longer pending and are therefore moot for the purposes of the first-to-file rule."); *ASUSTeK v. AFTG-TG LLC*, No. 5:CV 11-0192-EJD, 2011 WL 6845791 (N.D. Cal. Dec. 29, 2011) (holding, where a previous action had been dismissed for lack of personal jurisdiction in Wyoming, that defendants had "not articulated why a dismissal or transfer [to Wyoming] would serve the principles of the rule when the Wyoming Actions are no longer pending in that district").[1]

---

[1] Bargain Software also cites the unpublished Ninth Circuit case of *Com Systems, Inc. v. Nahmad*, 924 F.2d 1062 (9th Cir. 1991) (unpublished table op.), another voluntary dismissal case. The Court will not consider this decision as Bargain Software's citation of the case violates the Ninth Circuit's rules. Under Ninth Circuit Rule 36-3, unpublished dispositions of the U.S. Court of Appeals for the Ninth Circuit issued before January 1, 2007 "may not be cited to the courts of this circuit" except in limited circumstances not applicable here.

2

The Court finds these cases distinguishable. The *Adobe v. Colorado Internet Services, LLC* action related to the instant action was not voluntarily dismissed by Adobe nor did this Court conclude that it did not have jurisdiction over a party. Rather, it dismissed the action on a technical procedural ground without prejudice to Adobe refiling the action without misjoined parties. Following dismissal, Adobe continued to pursue its dispute with Bargain Software through informal negotiations, filing the instant action after those negotiations broke down. While the Western District of Texas action may, in a technical sense, have been filed before the instant action, the first to file rule should not be mechanically applied but rather should be "applied with a view to the dictates of sound judicial administration." *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). On the unique procedural facts of this dispute – the nature of the *Colorado Internet* dismissal, the conduct of the parties following that dismissal, and the fact that this Court has formally related this case to the *Colorado Internet* action – the Court finds that this action is the "earlier filed action" based on the "dictates of sound judicial administration." *See* N.D. Cal. Local R. 3-12(a) (related cases are those which "concern substantially the same parties, property, transaction or event"). Accordingly, the Court denies Bargain Software's motion to dismiss under the first-to-file rule.[2]

Having found that this case is the earlier filed action, the Court declines to transfer this action under 28 U.S.C. § 1404. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In ruling on a motion to transfer, the Court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Sillah v. Command Int'l Security Services*, No. 14-CV-1960-LHK, 2014 WL 5144540, at *4 (N.D. Cal. Oct. 13, 2014). A defendant seeking transfer must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

---

[2] Even if the Texas action were deemed the first-to-file suit, that action appears to have been an anticipatory suit.

3

1   Bargain Software has failed to make a "strong showing" of inconvenience. First, the
2 "convenience of the witnesses is often considered the most important factor in ruling on a motion
3 under § 1404(a)." *Adobe Systems Inc. v. Trinity Software Distribution, Inc.*, No. C12-1614 SI, 2012
4 WL 3763643, at *9 (N.D. Cal. Aug. 2012). Here, while Bargain Software's witnesses will likely be
5 located in Texas, Adobe's witnesses as to the nature of its products, its investigation, etc. will likely
6 be located in California. In addition, to the extent that depositions of Texas residents is necessary,
7 the Court has admonished both sides that it expects discovery to be conducted at a place and time
8 convenient for the deponent. Second, the location of evidence in this action is likely insignificant as
9 this case involves sales conducted over the internet and modern technology has rendered the location
10 of documents "much less important to determining the convenience of the parties than it once was."
11 *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 378 (D.D.C. 2012). Finally, California has
12 a strong interest in protecting its citizens from trademark and copyright infringement. *Cf. Authentify*
13 *Patent Co. v. StrikeForce Techs., Inc.*, — F. Supp. 2d —, C13-0741-RSM, 2014 WL 3767480, at *8
14 (W.D. Wash. July 31, 2014) ("Washington has a substantial interest in protecting its residents from
15 the sale of allegedly infringing patents."); *Walter Kidde Portable Equip., Inc. v. Universal Security*
16 *Instruments, Inc.*, 304 F. Supp. 2d 769, 772 (M.D.N.C. 2004) ("North Carolina has a strong interest
17 in protecting resident patentees from patent infringement."). Finally, the Court notes that Bargain
18 Software's main counsel in both this action and the action pending before the Western District of
19 Texas is located in this District.

20   Ultimately, a court "should give a plaintiff's choice of forum great deference." *AV Media,*
21 *Pte, Ltd. v. OmniMount Systems, Inc.*, No. C06-3805 JSW, 2006 WL 2850054, at *2 (N.D. Cal. Oct.
22 5, 2006). Bargain Software has not made a strong enough showing on the record that litigating in
23 this forum would be so inconvenient as to upset Adobe's choice of forum. *See Adobe Systems Inc.*
24 *v. Childers*, 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *9 (N.D. Cal. Feb. 14, 2011) ("[T]ransfer
25 should not be granted if the effect is simply to shift the inconvenience to the plaintiff.").
26 ///
27 ///
28 ///

4

### III. CONCLUSION

For the foregoing reasons, Bargain Software's motion to dismiss this action under the first to file rule or to transfer this action to the Western District of Texas under 28 U.S.C. § 1404 is **DENIED**.

This order disposes of Docket No. 20.

IT IS SO ORDERED.

Dated: December 8, 2014

_____
EDWARD M. CHEN
United States District Judge